UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DENNIS BERNARD BATES, JR.　　　　　CIVIL ACTION NO. 09-cv-0120

VERSUS　　　　　　　　　　　　　　　JUDGE HICKS

BARKSDALE FEDERAL CREDIT　　　　MAGISTRATE JUDGE HORNSBY
UNION, ET AL

**REPORT AND RECOMMENDATION**

Dennis Bernard Bates, Jr. ("Plaintiff") filed this civil action against Barksdale Federal Credit Union and Community Bank of Louisiana. A federal court such as this one has limited jurisdiction and the power to hear only certain kinds of civil cases. The most frequent grounds for the exercise of federal court jurisdiction are (1) when the parties are citizens of different states and the amount in controversy exceeds $75,000 and (2) when the plaintiff's claim relies on federal rather than state law. Plaintiff alleges that the defendant Credit Union stole $300 from an account. Plaintiff (perhaps taking a cue from a recommended dismissal of a similar case for failure to allege the requisite amount in controversy) also makes reference to a foreclosure for $75,000, but the connection between the two alleged events (if any) is not clearly alleged. The complaint does not mention Community Bank of Louisiana other than in the caption.

Plaintiff does not invoke any federal statute, and there is no federal claim evident from the complaint. Rather, the suit appears to be a state law claim for breach of contract, conversion, or Louisiana statutes governing banking transactions. This court could exercise

jurisdiction over such a state law claim only if Plaintiff and both defendants are citizens of different states and the amount in controversy exceeds $75,000.

Plaintiff, as the person invoking federal jurisdiction, has the burden of overcoming the presumption that federal jurisdiction does not exist. Plaintiff has not squarely pleaded a federal law claim, and his complaint does not include facts that would support a finding of diversity jurisdiction. There is no direct allegation of the citizenship of any party, but Plaintiff's home address and the local nature of the two defendants strongly suggest that all parties are citizens of Louisiana. Plaintiff has not met his burden of establishing diversity of the parties. This court should, therefore, dismiss his case for lack of subject matter jurisdiction. Plaintiff will have to pursue his claims in a state court.

Similar recommendations were made recently in <u>Bates v. Community Bank of Louisiana</u>, 08-cv-1457 and <u>Bates v. Regions Bank</u>, 08-cv-1340, in which Plaintiff asserted similar claims. Plaintiff has also filed a suit, <u>Bates v. Sheriff of Bossier Parish</u>, 08-cv-1455, which alleges Fourth Amendment violations related to an arrest.

**Plaintiff is warned that filing frivolous lawsuits may have consequences beyond the mere dismissal of those suits.** Plaintiff may be sanctioned, including an order that he pay money sanctions to the court. The court may also bar Plaintiff from filing any further suits without payment in advance of the $350 filing fee, notwithstanding Plaintiff's alleged pauper status. The court may not give any further warnings before imposing such sanctions

if Plaintiff persists in filing frivolous lawsuits, which consume the court's time and prevent it from more timely addressing the issues in meritorious cases.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's complaint be **dismissed without prejudice** for lack of subject matter jurisdiction.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 29th day of January, 2009.

                                                  MARK L. HORNSBY
                                        UNITED STATES MAGISTRATE JUDGE